J-A18014-23

2024 PA Super 45

IN THE INTEREST OF: S.W., A MINOR : IN THE SUPERIOR COURT OF PENNSYLVANIA

APPEAL OF: A.E. AND A.E. :

Appellants :

: No. 22 WDA 2023

Appeal from the Order Entered November 8, 2022
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s):  CP-02-DP-0000729-2020

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

CONCURRING OPINION BY LAZARUS, J.:          **FILED: March 13, 2024**

I join in the majority's disposition of the instant appeal.  It is beyond cavil that Appellants should be permitted to intervene in the instant dependency proceedings after their foster child was removed from their care despite two years of placement.  I write separately, however, to express my strongest concurrence with the majority.  We ask foster parents, who may ultimately become adoptive resources for dependent children, to invest in the relationship with those children and become akin to parents for them—loving them unconditionally, caring for them, and dealing with their physical and mental ailments.  However, we deny these same individuals "standing" to be heard at a proceeding that challenges CYS' removal of the child from their

home. This is so even if they have become "pre-adoptive parents" in all aspects but the formality thereof.[1]

Under the Juvenile Act, a foster parent is entitled to notice of a hearing regarding the child's adjustment, progress and condition, "i.e. permanency review issues," but the foster parent does not have full standing to participate as a party in the proceeding nor is a foster parent entitled to the statutory rights inherent to a party under the Act. **Compare** 42 Pa.C.S.A. § 6336.1(a) (generally, foster parent not deemed party to and lacks standing to fully participate in dependency proceedings) **with** 42 Pa.C.S. §§ 6337, 6338 (foster parent is entitled to notice of a hearing and the right to be heard regarding the child's "adjustment, progress[,] and condition," i.e. permanency review issues).

What is standing, but a short-hand method of declaring that the party has a real interest in the proceeding? To say that a foster parent does not have an interest in either the well-being of the child or of their own reputation as it relates to the act of being a foster/pre-adoptive parent flies in the face of what is happening on the ground in the vast majority of placements, particularly when a parent is no longer available. Creating an artificial distinction between foster parents and prospective adoptive parents with regard to their expectation of permanency with a child is not only unrealistic, but flies in the face of the intent behind the Juvenile Act (the Act) and our

---

[1] Like the majority, I express no opinion on whether it is in the best interest of the Child to return to Appellants' care.

foster care system. The 1998 amendments to the Act were made specifically to "conform to the federal Adoption and Safe Families Act (ASFA) of 1997." **See generally** 42 U.S.C.S. §§ 671-675. ASFA provides plans to the states for foster care and adoption assistance "in response to the concerns of foster care drift and unsafe and unstable reunification efforts." **In re S.H.**, 71 A.3d 973, 978 (Pa. Super. 2013). The ASFA operates under the goal of achieving safe permanency for those children who come into foster care. **See** Ex. Or. No. 13930 of June 24, 2020, 85 Fed. Reg. 38741, Section 1 (Purpose).

We find ourselves constrained by the wording of the Act itself. We urge the legislature to revisit the Commonwealth's current stance on foster parent standing and the ability to intervene in dependency proceedings under the circumstances of a child being removed from their care. By giving foster parents therein a voice, we acknowledge their importance in the state's system to ensure the permanence and best interests of children throughout this Commonwealth. Making an artificial distinction between a foster parent who has provided for a child practically since her birth to a person who has achieved formal pre-adoptive parent status is simply untenable and indefensible. For these salient reasons, I concur.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/13/2024

- 3 -